# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-984V
Filed: April 22, 2016
UNPUBLISHED

```
* * * * * * * * * * * * * * * * * * * * * * * * * *
LISA KREISLE,                          *
                                       *
             Petitioner,               *     Ruling on Entitlement; Concession;
v.                                     *     Influenza ("Flu") Vaccination; Cosmetic
                                       *     Defect; Subcutaneous Tissue Loss;
SECRETARY OF HEALTH                    *     Special Processing Unit ("SPU")
AND HUMAN SERVICES,                    *
                                       *
             Respondent.               *
                                       *
* * * * * * * * * * * * * * * * * * * * * * * * * *
```

*William E. Cochran, Jr., Black McLaren, et al., PC, for petitioner.*
*Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for respondent.*

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

On September 4, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that that her September 22, 2014 influenza ("flu") vaccination caused her to suffer a "skin infection with scaring [sic] and tissue loss leading to disfigurement and numbness and tingling in her left arm and fingers." Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 24, 2016, respondent filed her Rule 4(c) report in which she concedes that petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 2. Specifically, respondent "has determined that compensation is appropriate with respect to a 5-7mm cosmetic defect and subcutaneous tissue loss that was caused in

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

fact by the flu vaccine she received on September 22, 2014."[3]  *Id.* at 3.  Respondent further agrees that no other causes for petitioner's "skin defect" have been identified and that petitioner suffered the sequela of her injury for more than six months.  *Id.*  Respondent also indicated that "based on the record as it now stands, petitioner has satisfied all legal prerequisites for compensation under the Act."  *Id.*

**In view of respondent's concession and the evidence before me, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Nora Beth Dorsey</u>
Nora Beth Dorsey
Chief Special Master

---

[3] "Although respondent did not agree that petitioner suffered from ongoing numbness and tingling as a result of her alleged vaccine-related injury, the parties did not feel that a factual determination was required from the Court in order to resolve damages."  *See* Informal Communication dated April 22, 2016.