# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-984V
Filed: November 8, 2016
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * * * *
| | |
|---|---|
| LISA KREISLE, * | |
| * | |
| Petitioner, * | |
| v. * | |
| * | Attorneys' Fees and Costs; |
| SECRETARY OF HEALTH * | Special Processing Unit ("SPU") |
| AND HUMAN SERVICES, * | |
| * | |
| Respondent. * | |
| * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * *

*William E. Cochran, Jr., Black McLaren Jones Ryland & Griffee PC, Memphis, TN, for petitioner.*
*Alexis B. Babcock, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On September 4, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that she suffer a "skin infection with scaring [sic] and tissue loss leading to disfigurement and numbness and tingling in her left arm and fingers." (ECF No. 1 at 1). On April 26, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's Proffer. (ECF No. 23). Petitioner now moves for attorneys' fees and costs, which are awarded in the amount of $30,109.88, reduced from $32,667.63 for the reasons described below.

---

[1] Because this decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

On May 24, 2016, petitioner filed a motion for attorneys' fees and costs to be awarded to petitioner's counsel, Black McLaren Jones Ryland & Griffee, P.C., of Memphis, Tennessee (hereinafter "the McLaren firm"). (ECF No. 27.) Petitioner's motion requested total compensation of $31,793.79. (ECF No. 27-2, p. 13.) This includes charges for 102.50 hours of work performed by various attorneys and staff at the McLaren firm as well as $1,596.29 in advances and expenses. (ECF No. 27-2, p. 13.) In accordance with General Order #9, petitioner filed a signed statement confirming that petitioner incurred no expenses pursuing this claim. (ECF No. 27-3.)

On June 10, 2016, respondent filed a response to petitioner's motion in which she noted that petitioner had met the statutory requirements for an award of attorneys' fees and costs, but declined to further address the specifics of petitioner's request, instead deferring to the special master's discretion. (ECF No. 30, p. 2.) Citing a lack of resources necessary to make detailed objections, respondent disclaimed any role in resolving petitioner's request for an award of fees and costs. (ECF No. 30, p. 1; p. 3, fn. 1.) Nonetheless, respondent "assert[ed] that a reasonable amount for fees and costs in the present case would fall between $12,000.00 to $14,000.00." (ECF No. 30, p. 3.) Respondent provided little basis or explanation for how she arrived at this proposed range, citing only five prior SIRVA cases. (*Id.*)

In a reply filed on July 5, 2016, petitioner contended that respondent's proposed range should be considered to "carry no persuasive value." (ECF No. 32, p. 1.) Petitioner noted that there is no way for petitioner to gauge respondent's claim that the cited cases are, in fact, similar. (*Id.*, p. 2.) Petitioner further raised arguments in regard to the appropriate hourly rate for the attorneys at the McLaren firm "in an abundance of caution" in her Reply, however no argument or objection was raised by respondent. (ECF No. 32, p.3). Petitioner requests additional attorneys' fees in the amount of $819.00 (2.9 hours of time) and reimbursement of additional expenses and advances of $54.84 incurred since submitting her initial motion for attorneys' fees and costs. (ECF No. 32-2, pp.1-2).

On November 4, 2016, the undersigned issued a reasoned decision in *Henry v. HHS*, No. 15-545V (Fed. Cl. Spec. Mstr. Nov. 4, 2016), addressing the parties' respective arguments regarding the appropriateness of forum versus local hourly rates for the McLaren firm. The undersigned concluded that petitioner's counsel should be compensated at forum rates which are consistent with the rates requested in the instant application. However, the undersigned reduced the hourly rates billed for attorney travel time and for work performed by law clerks and paralegals in 2016. The undersigned adopts the reasoning in the *Henry* decision for the instant analysis.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours or costs. However, consistent with *Henry, supra*, the undersigned reduces the award to reflect a rate reduction for travel time and for 2016 law clerk and paralegal rates.

Mr. Cochran billed 6 hours for travel time on November 2, 2015, and a further 8.5 hours on November 3, 2015, amounting to billing of $5,002.50. (ECF No. 27-2, pp. 5-6.) Notwithstanding the fact that Mr. Cochran was noted to be working en route, the undersigned reduces these hours by 50%. *See, e.g., Hocraffer v. HHS,* No. 99-533V, 2011 WL 3705153, at *24 (noting that "Special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program."). This results in a reduction of $2,501.25.

Additionally, the undersigned tallies 11.3 hours of paralegal and law clerk time in 2016, amounting to billing of $1,695.00. (ECF No. 27-2, pp. 7-13; ECF No. 32-2, p.1.) Reducing the hourly rate to $145 reduces the total amount to $1,638.50, a reduction of $56.50.

Based on all of the above, the undersigned finds that petitioner's counsel is entitled to reasonable attorneys' fees and costs as follows:

| | |
|---|---|
| Requested attorneys' fees (based on 105.4 total hours): | $31,016.50 |
| Less 50% reduction for 14.5 travel hours: | -$2,501.25 |
| Less 2016 paralegal rate reduction: | -$56.50 |
| Adjusted total: | $28,458.75 |
| Costs: | $1,651.13 |
| **Total Attorneys' Fees and Costs Awarded:** | **$30,109.88** |

**Accordingly, the undersigned awards a lump sum of $30,109.88, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Black McLaren Jones Ryland & Griffee, P.C.**

The clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.